U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
FEB 13 2013
CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRADLEY HAROLD ANDREWS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-861-A |
| | § | |
| DEE ANDERSON, Sheriff | § | |
| Tarrant County, Texas, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Bradley Harold Andrews, a state prisoner currently confined in the Tarrant County jail in Fort Worth, Texas, against Dee Anderson, Sheriff of Tarrant County, Texas, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed on exhaustion grounds.

### I. Factual and Procedural History

Petitioner was convicted by a jury of burglary of a habitation on August 12, 2011, in the 372nd District Court of Tarrant County, Texas, and was sentenced to seven years' confinement. (Resp't MTD, Attach. "Judgment of Conviction by

Jury") Petitioner appealed his conviction to the Second Court of Appeals of Texas, but the Second Court affirmed the trial court's judgment on October 11, 2012, and overruled petitioner's motion for rehearing on November 8, 2012. (*Id.*, Attach. "Andrews v. State, 2012 WL 4815519") Thereafter, petitioner filed a petition for discretionary review in the Texas Court of Criminal Appeals, which was dismissed for noncompliance with state rules of appellate form and/or procedure on February 13, 2013. (*Id.*, Attach. "Andrews v. State, PD-1706-12") *See also Andrews v. State*, PDR No. 1706-12, *Texas Courts Online - Court of Criminal Appeals*, available at http://www.cca.courts.state.tx.us. The record reflects that petitioner has not sought postconviction state habeas relief. (*Id.*, Attach. "Affidavit of Joyce Meyer")

Respondent has filed a motion to dismiss the petition because petitioner has not yet exhausted his state remedies as to the claims presented herein, to which petitioner filed a reply. (Resp't MTD at 1-4; Pet'r Reply[1]) 28 U.S.C. § 2254(b)-(c).

## II. Exhaustion of State Court Remedies

Applicants seeking habeas corpus relief under § 2254 are required to exhaust all claims in state court before requesting

---

[1]Petitioner's reply is not paginated.

federal collateral relief. 28 U.S.C. § 2254(b)(1), (c); *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999). Section 2254(b) and (c) provide in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)(1), (c).

The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the state. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-48 (1999); *Fisher*, 169 F.3d at 302; *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). For purposes of exhaustion, the Texas Court of Criminal Appeals is the highest court in the state. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion

3

requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a state habeas corpus proceeding under article 11.07 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998); *Bd. of Pardons & Paroles v. Court of Appeals for the Eighth Dist.*, 910 S.W.2d 481, 484 (Tex. Crim. App. 1995). Further, the applicant must present his claims in a procedurally proper manner according to the rules of the state courts so that the state court is given a fair opportunity to pass on the claims. *See Depuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988).

Unquestionably, petitioner has failed to exhaust his state court remedies in a procedurally correct manner with respect to the claims presented by raising the claims in a properly filed petition for discretionary review or a state habeas application under article 11.07. Consequently, the state's highest court has not been afforded a fair opportunity to consider the merits of petitioner's claims, and the claims are unexhausted for purposes of federal habeas review.

In an attempt to trigger § 2254(b)(1)(B)(ii), petitioner generally alleges he "has allowed the opportunity of exhaustion

4

by and through the appeals process. However, this process of challenging his conviction has returned ineffective to protect his rights." Petitioner's conclusory allegation is not of sufficient evidentiary value to support a finding that circumstances exist that render state remedies ineffective to protect his rights.

Absent a showing that state remedies are inadequate, such showing not having been demonstrated by petitioner, he cannot now proceed in federal court in habeas corpus. See 28 U.S.C. §2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir. 1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir. 1972). Petitioner maintains the right to pursue state corrective process *via* a state habeas application requesting permission to file an out-of-time petition for discretionary review and/or a state habeas application raising the claims presented.

Petitioner must first pursue his claims in state court. Only after his state remedies are concluded may he attack his conviction or sentence in this court by way of a federal petition under § 2254. Dismissal of this federal habeas corpus proceeding for lack of exhaustion is warranted so that petitioner can fully exhaust his state remedies and then return to this court, if he so desires, after exhaustion has been properly and fully

accomplished.

For the reasons discussed herein,

The court ORDERS that respondent's motion to dismiss be, and is hereby, granted and the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed without prejudice for failure to exhaust state court remedies, as required by 28 U.S.C. § 2254(b)(1)

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has not demonstrated that he has exhausted his state court remedies, or circumstances rendering the state remedies ineffective, or made a substantial showing of the denial of a constitutional right.

SIGNED February __13__, 2013.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE